## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

At all times relevant to the Indictment, **AYALEW HAILE ("HAILE")** was a resident of Maryland and worked as the Comptroller for School A, a private school located in Bethesda, Maryland. School A discovered that **HAILE** had used his position as Comptroller to direct eight unauthorized money transfers from the school's main operating account to his personal account. Between November 17, 2015 and March 20, 2017, **HAILE**, stole $414,197.99 from the school's Wells Fargo account (xxxx7137) by electronically transferring funds to his own bank account – Bank of America account (xxxx3037). **HAILE** then altered the school's Wells Fargo bank statements and general accounting ledger to conceal his theft. **HAILE** ultimately used stolen funds for gambling at various casinos, according to ATM and casino records.

School A makes certain periodic transfers from its main operating account to other accounts to cover various expenses, including payroll. The account that the school nicknamed its "ZBA account" (xxxx7145) reflected almost exclusively payroll-related transactions. The school routinely made Automated Clearing House (ACH) transfers out of its main operating account to the ZBA Account every two weeks.

**HAILE** was hired in 2013, as a Comptroller for School A. The position was salaried and not eligible for overtime. **HAILE**'s job responsibilities included overseeing all accounting activities including, receivables, purchase order processing, payables, financial reporting, accounting controls and procedures and the year-end audit. His position allowed him access to school finances and accounting records. **HAILE** had access to the school's Wells Fargo bank account and had the ability to make ACH transfers. Specifically, **HAILE** had his own personal "fob," a security token that generates a security code in order to access the school's Wells Fargo accounts.

**HAILE** timed his ACH transfers to coincide with these periodic ACH transfers to the ZBA account to conceal his theft. On approximately the same date as the routine periodic ACH transfer out to the ZBA Account, **HAILE** would make a separate ACH transfer out to his personal account. **HAILE** would then inflate the general ledger amount associated with the ZBA transfer to include the amount that he had stolen. In addition to altering the general ledger, **HAILE** would alter the school's bank statements to delete the ACH transfer out to his account and inflate the amount of the ACH transfer to the ZBA account so that it would match the general ledger entry.

10

Each ACH transfer that **HAILE** made from the ZBA Account to his personal account caused an interstate wire communication from within Maryland to a location outside Maryland to complete the transfer.

The total amount of intended loss resulting from and reasonably foreseeable to **HAILE's** conduct was at least **$414,197.99**.

* * *

SO STIPULATED:

_____
Elizabeth S. Boison
Special Assistant United States Attorney

_____
Ayalew Haile
Defendant

_____
Jonathan Oates, Esq.
Counsel for Defendant

11